```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/26/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARK GOLDBERG,

                Plaintiff,

-against-

STEIN SAKS, PLLC,

                Defendant.

1:23-cv-3089 (MKV)

**OPINION AND ORDER GRANTING MOTION TO DISMISS**

MARY KAY VYSKOCIL, United States District Judge:

    Plaintiff Mark Goldberg ("Goldberg") brings this putative class action against Defendant Stein Saks, PLLC ("Stein Saks") alleging that Stein Saks, a law firm, failed to make its website accessible to blind and visually impaired people in violation of the Americans with Disabilities Act ("ADA"), the New York State Human Rights Law ("NYSHRL"), the New York State Civil Rights Law ("NYSCRL"), and the New York City Human Rights Law ("NYCHRL"). Stein Saks moves to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. For the following reasons, the motion to dismiss is GRANTED.

## BACKGROUND[1]

    Goldberg is a visually impaired and legally blind person who uses screen-reading software to access the Internet. AC ¶ 1. Stein Saks is a law firm that provides information on its legal services and instructions on how to contact the firm for consultation through its website, steinsakslegal.com (the "Website"). AC ¶¶ 2, 7. On an unspecified date, Goldberg accessed the Website "with the intention of researching, contacting and potentially retaining legal counsel." AC ¶ 19. Goldberg was interested in obtaining legal counsel because he "had been assaulted on

---

[1] This Opinion draws its facts from the Amended Complaint [ECF No. 15 ("AC")], the factual allegations of which are accepted as true for purposes of resolving this motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

the New York subway system and was seeking representation for that matter." AC ¶ 20. However, Goldberg encountered accessibility barriers when using the Website, which prevented him from obtaining information about Stein Saks and contacting Stein Saks about potential legal representation. AC ¶¶ 20–22. In particular, the Website could only be accessed using a mouse, and telephone numbers and email addresses were listed in plain text that was inaccessible to Goldberg's assistive technology. AC ¶ 21. Goldberg is "highly likely to attempt to use [the Website] again," because "[t]here are limited options for law firms that have significant experience in representing visually-impaired individuals, as [Stein Saks] does." AC ¶ 23. Goldberg alleges that Stein Saks "does the precise type of legal work that [Goldberg] and other visually-impaired class members will need again in the future to address access issues under the ADA and state law," AC ¶ 23.

## PROCEDURAL HISTORY

Goldberg, proceeding *pro se* and *in forma pauperis*, initiated this action by filing a complaint. [ECF No. 1]. Stein Saks filed a pre-motion letter, requesting leave to move to dismiss the complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. [ECF No. 9]. The Court entered a scheduling order on Stein Saks' contemplated motion, permitting Goldberg to file an amended complaint and cautioning that this would "be [Goldberg's] last opportunity to amend in response to any issue raised in [Stein Saks'] pre-motion letter." [ECF No. 10]. Goldberg obtained counsel and filed the AC. [ECF Nos. 12, 15]. Stein Saks moved to dismiss the AC pursuant to Rule 12(b)(1) [ECF No. 20], filing a memorandum of law in support [ECF No. 21 ("Def. Mem.")]. Goldberg filed an opposition. [ECF No. 23 ("Pl. Opp.")]. Stein Saks replied. [ECF No. 24].

**LEGAL STANDARD**

An action is properly dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction "if the court 'lacks the statutory or constitutional power to adjudicate it,' such as when . . . the plaintiff lacks constitutional standing to bring the action." *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.a.r.l*, 790 F.3d 411, 416–17 (2d Cir. 2015) (citation omitted) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). To survive a Rule 12(b)(1) motion, a plaintiff must "allege facts that affirmatively and plausibly suggest that it has standing to sue." *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011); *see also Cortlandt St.*, 790 F.3d at 417.

In considering the motion, the Court "accept[s] as true all material allegations of the complaint and . . . construe[s] the complaint in favor of the [plaintiff]." *Cortlandt St.*, 790 F.3d at 417 (internal quotation marks omitted) (quoting *W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche LLP*, 549 F.3d 100, 106 (2d Cir. 2008)). However, the Court "need not credit 'a legal conclusion couched as a factual allegation' or a 'naked assertion devoid of further factual enhancement.'" *Calcano v. Swarovski N. America Ltd.*, 36 F.4th 68, 75 (2d Cir. 2022) (quoting *Iqbal*, 556 U.S. at 678). In assessing standing, the Court may also rely on evidence outside of the complaint. *See Makarova*, 201 F.3d at 113; *M.E.S., Inc. v. Snell*, 712 F.3d 666, 671 (2d Cir. 2013) ("[U]nder Rule 12(b)(1), [the court is] permitted to rely on non-conclusory, non-hearsay statements outside the pleadings." (citation omitted)).

**DISCUSSION**

    **I.**    **Goldberg Lacks Standing to Assert an ADA Claim**

Stein Saks contends that the Court must dismiss the action pursuant to Rule 12(b)(1) because Goldberg lacks Article III standing. *See* Def. Mem. 6–18. To establish standing, Goldberg "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of

3

[Stein Saks], and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). An injury in fact must be "'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 339 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).

Stein Saks argues that Goldberg has failed to plead injury in fact. Def. Mem. 11–18. In the ADA context, the Second Circuit has "found standing (and therefore an injury in fact) where (1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer . . . that plaintiff intended to return to the subject location." *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187–88 (2d Cir. 2013). In the digital context, a plaintiff satisfies the injury in fact requirement by asserting "non-conclusory, plausible factual allegations from which it is reasonable to infer, based on the past frequency of visits and the plaintiff's articulated interest in the products or services available on the particular website, that the plaintiff intends to return to the website." *Loadholt v. Dungarees, Inc.*, No. 22-CV-4699, 2023 WL 2024792, at *2 (S.D.N.Y. Feb. 15, 2023) (citing *Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 443 (2d Cir. 2022)).

Goldberg's allegations do not plausibly suggest that he has suffered injury in fact, and thus has standing to sue, under Second Circuit precedent. To begin, Goldberg does not allege how many times he attempted to access the Website or on what dates. *See Rendon v. Berry Glob. Inc.*, No. 22 CIV 10420 (CM), 2023 WL 3724795, at *4 (S.D.N.Y. May 30, 2023) (finding that plaintiffs failed to establish standing in part because "[t]heir allegations do not include any detail about Plaintiffs' past visits to Defendant's website or the frequency of such visits"). Goldberg pleads only that "he attempted to access and obtain information from Defendant's website," apparently once. AC ¶ 20. Although Goldberg states in an affidavit submitted with his opposition brief that he accessed the website on November 23, 2022 [*see* ECF No. 22 ("Goldberg Aff.") ¶ 5], he

4

provides no explanation for why this date is not included in the AC. *See Loadholt*, 2023 WL 2024792, at *3; *Cromitie v. Imperial Wholesale, Inc.*, No. 1:22-CV-6919 (MKV), 2023 WL 5390437, at *3 & n.2 (S.D.N.Y. Aug. 22, 2023) (admonishing counsel for "attempt[ing] to salvage a defective complaint by attaching a declaration (containing new allegations) to an opposition brief").

      Nor does the AC contain particularized allegations regarding how Goldberg learned of Stein Saks or the Website, why he believed Stein Saks could provide competent representation for his subway assault case (particularly where he alleges that the firm specializes in representing visually impaired individuals in ADA accessibility cases, *not* tort cases, *see* AC ¶ 23), whether he searched for comparable legal services elsewhere, or why Stein Saks' legal services were preferable over comparable legal services. *See Loadholt*, 2023 WL 2024792, at *3 (dismissing complaint where plaintiff did "not allege . . . that [defendant] is the only retailer that sells the particular belts and jackets he wants, or that he has searched for comparable belts and jackets but has been unable to find them at a comparable price point"). Goldberg states in his affidavit that he learned of Stein Saks because his employer had been sued for ADA violations by a plaintiff represented by Stein Saks, and that he thought Stein Saks "was apparently a law firm that represents disabled people who are legally blind." Goldberg Aff. ¶¶ 3, 5. Once again, Goldberg offers no explanation for why this information is not pleaded in the AC. *See Loadholt*, 2023 WL 2024792, at *3; *Cromitie*, 2023 WL 5390437, at *3 & n.2. In fact, Goldberg's affidavit contradicts the AC's allegation that Goldberg was unable "to contact [Stein Saks] about potential legal representation," AC ¶ 20, as Goldberg declares that he was already in contact with, or had means of contacting, Stein Saks attorneys through his employment. Goldberg Aff. ¶¶ 3–4, 6–7; *see Harty*, 28 F.4th at 442 ( "Where a party offers extrinsic evidence that contradicts the material allegations

of the complaint, . . . it would be error for the district court to disregard that extrinsic evidence [on a Rule 12(b)(1) motion].").

Moreover, Goldberg fails to adequately allege any ongoing interest in Stein Saks' legal services from which the Court could reasonably infer that he intends to return to the Website. *See Harty*, 28 F.4th at 443. Indeed, Goldberg does not allege that he intends to return to the Website for the purpose for which he purportedly originally accessed it—to obtain information regarding legal representation in connection with an assault. *See* AC ¶ 20. Rather, Goldberg alleges in conclusory fashion that he "and other class members are highly likely to attempt to use [the Website] again" because Stein Saks "does the precise type of legal work that [Goldberg] and other visually-impaired class members will need again in the future to address access issues under the ADA and state law." AC ¶ 23. But it is implausible to infer that Goldberg himself would seek Stein Saks' legal representation in a future ADA lawsuit when he is presently suing Stein Saks for *violating* the ADA. Goldberg acknowledges as much in his affidavit, declaring that "[i]f Stein Saks was not showing themselves to be such horrendous people . . . then I would by all means intend to visit their website again and seek to retain them to represent me in any legal issues that I have in the future." Goldberg Aff. ¶ 10; *see Harty*, 28 F.4th at 442. In any event, the mere speculative prospect of a future lawsuit is not sufficiently imminent to create an injury in fact. *See Harty*, 28 F.4th at 443. Goldberg subsequently declares that "the only reason I would go back to [Stein Saks'] website would be to obtain their contact information, which is a real and not speculative possibility, because of the pending litigation." Goldberg Aff. ¶ 10. Passing the deficiency that this fact is not properly alleged in the AC, if such an allegation were sufficient to confer standing, every ADA plaintiff could simply allege an intent to return to the defendant's

website for the purpose of obtaining information to prosecute his or her lawsuit, thereby manufacturing standing. The law does not support such a contrived interpretation of injury in fact.

Goldberg makes much of the fact that he is not a serial filer of ADA lawsuits. *See* Pl. Opp. 7. He also declares that the copious errors in his original complaint were the product of a template he obtained online while proceeding *pro se*. Goldberg Aff. ¶ 13; *see* Def. Mem. 4–5, 13–14, 16. Although the AC supersedes Goldberg's original complaint, "the timing of [Goldberg's] purported visits to [the Website] and the evolving nature of his allegations raise doubts as to his Article III standing." *Tavarez v. Moo Organic Chocolates, LLC*, 641 F. Supp. 3d 76, 82 n.7 (S.D.N.Y. 2022); *see Calcano*, 36 F.4th at 77 (noting that "errors, oddities, and omissions in the complaints . . . render . . . Plaintiff's cookie-cutter assertion of standing implausible"). The Court cannot overlook that Goldberg's original complaint did not allege any intent to visit or return to the Website for legal services or consultation, but rather to purchase nonexistent goods, including "a hat and other products," that Stein Saks does not sell. [ECF No. 1 ¶¶ 36–37].

Goldberg's "reliance on a mere profession of an intent to return to [the Website] is not enough to establish standing for prospective relief." *Calcano*, 36 F.4th at 78 (internal quotation marks omitted). Accordingly, the Court dismisses Goldberg's ADA claim for lack of standing.[2]

## II.   The Court Dismisses Goldberg's Remaining Claims

Goldberg's NYSHRL and NYCHRL claims are governed by the same standing requirements as his ADA claim. *Mendez v. Apple Inc.*, No. 18-CV-7550, 2019 WL 2611168, at *4 (S.D.N.Y. Mar. 28, 2019); *see Rodal v. Anesthesia Grp. of Onondaga, P.C.*, 369 F.3d 113, 117

---

[2] Because the Court finds that Goldberg has failed to establish standing, the Court does not engage Stein Saks' remaining arguments. *See* Def. Mem. 18–24.

n.1 (2d Cir. 2004). Because the Court concludes that Goldberg lacks standing under the ADA, the Court must also dismiss Goldberg's NYSHRL and NYCHRL claims for lack of standing.

In addition, having dismissed Goldberg's sole federal claim, the Court declines to exercise supplemental jurisdiction over his NYSCRL claim. 28 U.S.C. § 1367(c)(3); *see Castellano v. Bd. of Trustees of Police Officers' Variable Supplements Fund*, 937 F.2d 752, 758 (2d Cir. 1991).

Finally, the Court also dismisses Goldberg's cause of action for "Declaratory Relief" because "a request for relief in the form of a declaratory judgment does not by itself establish a case or controversy involving an adjudication of rights." *In re Joint E. & S. Dist. Asbestos Litig.*, 14 F.3d 726, 731 (2d Cir. 1993); *see also Cisco Sys., Inc. v. Synamedia Ltd.*, 557 F. Supp. 3d 464, 474 (S.D.N.Y. 2021) ("A request for relief in the form of a declaratory judgment does not constitute an independent cause of action.").

### III. The Court Denies Goldberg Leave to Amend

When a complaint is dismissed for lack of standing, courts generally grant a plaintiff leave to file an amended complaint. *See Dominguez v. Grand Lux Cafe LLC*, No. 19-CV-10345, 2020 WL 3440788, at *4 (S.D.N.Y. June 22, 2020). Courts are instructed to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P 15(a)(2). But justice does not so require here. Goldberg already has been permitted to amend after being put on notice of the alleged deficiencies in his claims. In initially granting Goldberg leave to file the AC, the Court cautioned that such would be Goldberg's "last opportunity to amend in response to any issue raised in [Stein Saks'] pre-motion letter." [ECF No. 10]. Goldberg does not request the opportunity to further amend and "has not identified any proposed amendments that would cure his pleading and confer

standing." *Dominguez*, 2020 WL 3440788, at *4.  Accordingly, the Court declines to grant Goldberg leave to amend.

## CONCLUSION

For the foregoing reasons, the motion to dismiss is GRANTED.  The AC is dismissed with prejudice.  The Clerk of Court is respectfully requested to terminate the motion pending at docket entry 20 and to close the case.

**SO ORDERED.**

Date:  **February 26, 2024**        **MARY KAY VYSKOCIL**
      **New York, NY**        **United States District Judge**