USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/3/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARK GOLDBERG,

                Plaintiff,

-against-

STEIN SAKS, PLLC,

                Defendant.

1:23-cv-3089 (MKV)

**ORDER DENYING MOTION FOR RECONSIDERATION**

---

MARY KAY VYSKOCIL, United States District Judge:

On February 26, 2024, the Court issued an Opinion and Order granting Defendant's motion to dismiss this case with prejudice. [ECF No. 25 (the "Dismissal Order")]. The next day, consistent with the Court's Order, the Clerk of Court issued judgment in favor of Defendant and terminated the case. [ECF No. 26]. On March 7, 2024, *pro se* Plaintiff filed a notice of appeal. [ECF No. 27]. Nearly three months after Dismissal Order, while the appeal was pending, Plaintiff filed a letter requesting that the Court "reconsider reopening the [c]ase and . . . [v]acate the Court's Order dismissing the" case. [ECF No. 31]. The Court denied this request because the Court lacked jurisdiction to consider Plaintiff's letter motion while his appeal was pending. [ECF No. 32].

Thereafter, the Second Circuit dismissed Plaintiff's appeal because it "lacks an arguable basis either in law or in fact." *See Goldberg v. Stein Saks, PLLC*, No. 24–515 (2d Cir. Aug. 8, 2025) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) and citing 28 U.S.C. § 1915(e)).[1] The Second Circuit further ordered that "judgment is modified to reflect that a dismissal for lack of standing is without prejudice." *Id.* On August 16, 2024, Plaintiff moved for reconsideration of the dismissal of the case, arguing that the Second Circuit's modification of the dismissal from

---

[1] The Second Circuit opinion is also available in this case at ECF No. 35.

"with prejudice" to "without prejudice" means that Plaintiff's "claims may be revisited and should be considered afresh." [ECF No. 34 ("Pl. Mot.")]. For the reasons stated below, Plaintiff's motion is DENIED.

First, Plaintiff misunderstands the effect of the Second Circuit's holding. "It is well established that a dismissal without prejudice . . . terminates the action and is a final decision[.]" *Nichols v. Prudential Ins. Co. of America*, 406 F.3d 98, 104 (2d Cir. 2005) (citing *Wynder v. McMahon,* 360 F.3d 73, 76 (2d Cir. 2004)). A dismissal "without prejudice" means "that a second suit on the same ground is permissible." *See United States v. Giambrone*, 920 F.2d 176, 179 (2d Cir. 1990) (citing *Santos v. State Farm Fire & Casualty Co.,* 902 F.2d 1092, 1094–95 (2d Cir. 1990)). It does not mean that a Plaintiff is invited, within the same suit, to move to reconsider the final judgment of the Court.

Second, the request for reconsideration made over five months after the Dismissal Order, is untimely. Federal Rule of Civil Procedure 60(c)(1) provides that a motion for reconsideration of an order "must be made in a reasonable time," and pursuant to the Local Rules of the Southern and Eastern Districts of New York a party must serve a motion for reconsideration within fourteen days of the entry of the order which is being challenged. *See* S.D.N.Y. Local R. 6.3; *see also Siemens Westinghouse Power Corp. v. Dick Corp.*, 219 F.R.D. 552, 554 (S.D.N.Y. 2004) (motion for reconsideration denied when filed "three and one-half months" after the challenged order); *Pittston Warehouse Corp. v. Am. Motorists Ins. Co.*, 739 F. Supp. 904, 905 (S.D.N.Y. 1990) (motion for reconsideration denied when filed "over five months" after the challenged order). Even in the case of a *pro se* plaintiff, "[a] court should not be overly lenient in accepting tardy motions for

reconsideration in order to 'ensure the finality of decisions.'" *Wang v. Williams*, No. 08 CIV. 6471 (SAS), 2009 WL 1270218, at *1 (S.D.N.Y. May 5, 2009).

Finally, if Plaintiff's request for reconsideration were timely, it would fail on the merits. "A motion for reconsideration is an extraordinary request that is granted only in rare circumstances." *Van Buskirk v. United Grp. of Companies, Inc.*, 935 F.3d 49, 54 (2d Cir. 2019). A "motion for reconsideration should be granted only when the [movant] identifies [1] 'an intervening change of controlling law, [2] the availability of new evidence, or [3] the need to correct a clear error or prevent manifest injustice.'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

Plaintiff states that reconsideration is necessary to correct clear errors and prevent manifest injustice. *See* Pl. Mot. at 1. However, his motion fails to identify either clear error or manifest injustice. In the Dismissal Order, the Court found Plaintiff lacked standing to assert his ADA, NYSHRL, and NYCRL claims pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. *See* Dismissal Order at 3–7. It further dismissed Plaintiff's NYSCRL claim for lack of supplemental jurisdiction and his declaratory relief claim because such a claim does not constitute an independent cause of action. *See* Dismissal Order at 7–8.

In his motion for reconsideration, Plaintiff merely restates the argument that he made in his opposition to Defendant's motion to dismiss regarding his standing to assert the ADA claim. Pl. Mot. at 2–3. "A motion for reconsideration is not a proper tool for a party dissatisfied with the court's ruling to merely relitigate issues previously determined by the court or reargue the same points that were previously raised and rejected." *Gustavia Home, LLC v. Rice*, No. 16 Civ. 2353 (BMC), 2017 WL 3669007, at *1 (E.D.N.Y. July 12, 2017) (collecting cases); *see also Women's*

*Integrated Network, Inc. v. U.S. Specialty Ins. Co.*, No. 08-CV-10518, 2011 WL 1347001, at *2 (S.D.N.Y. Apr. 4, 2011) ("The Court will not re-litigate the merits of the underlying dispute on a motion for reconsideration."), *aff'd*, 495 F. App'x 129 (2d Cir. 2012). Regarding Plaintiff's other claims, the motion for reconsideration states only that, even if his ADA claim is dismissed, his other claims are "independently actionable." Pl. Mot. at 3. The Court explained in the Dismissal Opinion why it lacked jurisdiction over each of Plaintiff's other claims. Dismissal Order at 7–8. Finally, Plaintiff states that Stein Saks LLC is a defendant in various other cases. Pl. Mot. at 4. None of this establishes clear error or manifest injustice in this case.

Moreover, the Second Circuit found that Plaintiff's appeal of the Dismissal Order "lack[ed] an arguable basis either in law or in fact." *See Goldberg*, No. 24–515, slip op. at 1. Plaintiff has not established that the Court must reconsider its prior opinion to rectify any clear error or manifest injustice.

Accordingly, Plaintiff's motion for reconsideration is DENIED.

The Clerk of Court respectfully is requested to terminate the motion at docket entry 34.

**SO ORDERED.**

Date:  **March 3, 2025**  
       **New York, NY**

**MARY KAY VYSKOCIL**  
**United States District Judge**